UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNELL WILLIAMS, #225280,

    Plaintiff,

v.                                     CASE NO. 2:20-CV-11140
                                         HONORABLE DENISE PAGE HOOD

HEIDI WASHINGTON, et al.,

    Defendants.
_____/

## ORDER OF TRANSFER

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Plaintiff Donnell Williams is a state prisoner currently confined at the Macomb Correctional Facility in Lenox, Michigan. He states that the actions giving rise to his complaint occurred while he was confined at the Carson City Correctional Facility in Carson City, Michigan (and possibly the Chippewa Correctional Facility in Kincheloe, Michigan). His allegations, which are less than clear, seem to involve sexual harassment and retaliation. He names Michigan Department of Corrections ("MDOC") Director Heidi Washington, MDOC administrative officials, the Carson City warden and other prison employees as the defendants in this action. He sues the defendants in their official and personal capacities and seeks monetary damages.

Having reviewed the complaint, the Court concludes that venue is improper in this Court and that the case should be transferred to the United States District Court for the Western District of Michigan, Southern Division.

Venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391. Section 1391(b) provides:

Venue in general.  A civil action may be brought in –

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Public officials "reside" in the county where they perform their official duties.  *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).

When venue is improper, a district court may either dismiss the case or, in the interests of justice, transfer the case to a district or division where it could have been brought.  *See* 28 U.S.C. § 1406(a).  Additionally, even when venue is proper, a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses and in the interest of justice.  *See* 28 U.S.C. § 1404(a).  A court may sua sponte transfer a case for improper venue.  *Carver v. Knox County, Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989); *see also Cosmichrome, Inc. v. Spectra Chrome, Inc. LLC*, 504 F. App'x 468, 472 (6th Cir. 2012); *Flynn v. Greg Anthony Construct. Co., Inc.*, 95 F. App'x 726, 738 (6th Cir. 2003).

The named defendants reside in Ingham County, Michigan and Montcalm County, Michigan and the events giving rise to the complaint appear to have occurred in those

counties, as well as possibly Chippewa County, Michigan. All of those counties are located in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(2). Venue is therefore proper in the United States District Court for the Western District of Michigan, not this Court.

Accordingly, pursuant to 28 U.S.C. § 1406(a) and in the interests of justice, the Court orders the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan. The Court makes no determination as to the merits of the complaint or any filing requirements.

s/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated: June 9, 2020